UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SCOTT ELLIOTT, ET AL.,   )<br>   )<br>   Plaintiffs,   )<br>   )<br>VS.   )<br>   )   Civil Action No.  SA-14-MC-942-XR<br>   )<br>MISSION TRUST SERVICES, LLC, ET   )<br>AL.,   )<br>   )<br>   Defendants.   )   | |

**TRANSFER ORDER**

Non-party Hugh L. Caraway has filed a Motion to Quash Subpoenas and Motion for Protective Order stemming from a case currently pending in the Eastern Division of the Northern District of Illinois.  At issue are two subpoenas issued by the Northern District of Illinois: (1) a subpoena to testify at a deposition in San Antonio and (2) a subpoena duces tecum directing production of documents in San Antonio.  The Court referred this matter to Magistrate Judge Mathy for disposition pursuant to Federal Rule of Civil Procedure 72.  The Mission Parties then filed a motion to transfer the matter to the Northern District of Illinois pursuant to Rule 45(f), which provides:

> (f) Transferring a Subpoena-Related Motion. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Caraway does not consent to transfer.  Thus, Rule 45(f) permits transfer to the issuing court if this Court finds exceptional circumstances.  Magistrate Judge Mathy concludes that the Mission Parties have demonstrated exceptional circumstances that support transfer pursuant to Rule 45(f) and recommends that the motion to transfer be granted.

Specifically, Magistrate Judge Mathy notes that the case has been pending in Illinois for over a year, and that there have been a number of discovery disputes among the parties. The discovery cut-off date is December 29, 2014. Currently the Illinois court is considering a motion to stay discovery filed by the Plaintiffs in the case, asserting that the Mission Parties may no longer have standing to assert their claims, and that no more discovery should occur until that issue is resolved. The Illinois court has taken the motion under advisement. There is currently a status conference scheduled for December 5. Judge Mathy noted that the fact that Caraway has asked this Court to stay consideration of the motion to quash until the Illinois court rules on the motion to stay indirectly supports the conclusion that the Illinois court is in a much better position to determine the relevance of the discovery and the timing of the requested production and deposition. Magistrate Judge Mathy noted that there is a background of discovery disputes that will assist the Illinois court in resolving the current dispute. Further, transferring the motion will help avoid unnecessary disruption with the Illinois court's case management, particularly in light of the looming discovery cut-off.

In addition, the Court has learned that a similar motion to quash and motion to transfer are pending in the Austin Division. *See* 1:14-CV-972. Given the existence of multiple discovery disputes involving the parties and now non-parties, transferring this matter to the Illinois court would aid that court in managing discovery issues in the case in a seamless manner and will promote uniformity of disposition.

Caraway and IRI have filed objections to the Magistrate Judge's recommendation, arguing that they are entitled to *de novo* review. However, this Court concludes that the motion to transfer is a non-dispositive matter subject to a clearly erroneous standard of review. FED. R. CIV. P. 72(a); *Ginsburg v. Georgetown Univ.*, No. 3:13-CV-952-L, 2013 WL 4713545 (N.D. Tex. Aug. 26, 2013); *see also IHCL, LLC v. NEC Corp. of Am.*, 2009 WL 1748573 (E.D. Tex June 19, 2009) at n.1 (noting that the Magistrate Judge's electing to submit a report and recommendation rather than a final order on the motion to transfer allows the parties to argue and the presiding District Judge to determine whether to review the opinion under a *de novo* or clearly erroneous standard of review). The Court therefore applies a "clearly erroneous" standard to the magistrate judge's factual conclusions and a "contrary to law" standard to the her legal conclusions. FED. R. CIV. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of

the order that is clearly erroneous or is contrary to law.").

The Court has reviewed the Magistrate Judge's order and the objections and finds that the order is neither clearly erroneous nor contrary to law. Although Caraway argues that Fifth Circuit law is arguably more favorable concerning apex depositions and production of company documents and that he will be burdened by the transfer, the Court finds these arguments insufficient to reject the recommendation. Caraway's counsel may file pleadings in the Illinois court pursuant to Rule 45(f) and it is uncertain whether any appearances at hearings in Illinois would be required. The Illinois court may elect to resolve the issues without a hearing or Caraway's counsel may be permitted to appear at any hearing by telephone. Therefore, transfer would not necessarily present a burden in that regard. In addition, potential differences in outcome under Fifth Circuit law are speculative.

In contrast, although Caraway was not involved in the prior discovery disputes, there have been substantial discovery disputes and the close of discovery is approaching. The Illinois court is currently considering whether *any* discovery may proceed in this case. The Illinois court therefore is the best court for considering this motion and potentially other motions to quash in a manner that would promote consistency, whereas maintaining the case here has the potential to disrupt that Court's discovery and case management. As such, the Court cannot say that the Magistrate Judge's conclusion that exceptional circumstances warranting transfer are present is clearly erroneous or contrary to law, and it ACCEPTS the recommendation to grant the motion to transfer.

Accordingly, the motion to transfer (docket no. 14) is GRANTED and it is ORDERED that:

Non-party Hugh L. Caraway, Jr. and Internacional Realty Inc's Motion to Quash Subpoenas and Motion for Protective Order and all matters in this case are TRANSFERRED to the United States District Court for the Northern District of Illinois, Eastern Division, for consideration in Cause No. 13-CV-0770, Scott A. Elliott, Ming-Hang Ho, and The Roxana Cupples Revocable Inter Vivos Trust v. Mission Trust Services, LLC, Christopher C. Finlay, The Corporation Trust Company, and Michael T. Hosmer;

Mission Parties' Motion to Transfer is DENIED in any other respect, including to the extent it asks for an award of "reasonable costs, expenses, and attorney's fees as a result of bringing the [motion to transfer]" and to the extent it requests an "oral hearing" on its motion to transfer; and

Any other matters remaining pending for disposition between the parties in the miscellaneous case filed in this District and Division are DISMISSED in this District and Division only and without prejudice to the matters being pursued in the Northern District of Illinois.

SIGNED this 1st day of December, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE